## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20228-BLOOM/Elfenbein

**BRENDA SMITH**,

     Plaintiff,

v.

**WAL-MART STORES EAST, LP,**

     Defendants.

_____/

### REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff Brenda Smith's ("Plaintiff") Expedited Motion to Enforce Settlement Agreement with Defendant Walmart Stores, East ("Walmart") and for Sanctions (the "Motion"), ECF No. [35]. Defendant filed a Response in Opposition (the "Response"), ECF No. [38], and Plaintiff filed a Reply, ECF No. [39].  The Honorable Beth Bloom has referred the Motion to me for a Report and Recommendation. *See* ECF No. [42].  Having reviewed the Motion, the Response, and the Reply, as well as the record and relevant law, I recommend that the Motion, **ECF No. [35]**, be **GRANTED in part and DENIED in part**.

## I.    BACKGROUND

This matter involves a slip-and-fall incident during which Plaintiff allegedly slipped/tripped and fell due to a negligently maintained or negligently placed mat or rug in the produce section of Walmart's store, causing her to sustain personal injuries, including an injury to her right shoulder.  *See* ECF No. [15].  As a result of this incident, Plaintiff filed negligence claims against Walmart and Defendant Vestis Services, LLC.  *See* ECF No. [15].  Plaintiff and Walmart (the "Parties") thereafter negotiated a settlement of Plaintiff's claims solely against Walmart.

Ultimately, on May 16, 2025, they reached a settlement, which Walmart's counsel memorialized in writing via email.  *See* ECF No. [35] at 3.  The email (the "Settlement Agreement") reads as follows:

> Raul,
>
> Please allow this to confirm that Brenda Smith & Walmart reached a settlement today at $[redacted].
>
> In order to finalize the release, I need Plaintiff's medicare/Medicaid status, and if any liens exist.  I'll prepare a release with confidentiality & Indemnification, and will work on confidentiality language that does not bar her from moving forward with her claim against the co-defendant Vestis.  Please also send me your firm's W-9.
>
> We also discussed that you will be filing a notice of settlement, but if you need assistance, please feel free to reach out.  We also discussed the notice of settlement likely being needed for the court to excuse us from the order setting mediation on 5/29.
>
> It was great working with you on this and glad we could get this resolved.
>
> Thanks,
>
> Nick

ECF No. [35] at 3.

Following this email confirming the terms of the Settlement Agreement, the Parties exchanged several drafts of proposed releases, but they disagreed on language relating to, *inter alia*, the Medicare Secondary Payer Act and the resolution of medical liens.  *See generally* ECF No. [35], [38], and [39]. In particular, Plaintiff took issue with language within the proposed releases that gave Walmart "[d]irect authority to pay any Medicare lien unilaterally;" "[o]versight rights to Plaintiff's communications with her insurers or their representatives;" "[t]he power to declare 'material breach' of the settlement agreement allowing Walmart to recoup the entire sum of the settlement based solely on Walmart's discretion;" "[v]eto authority over how and when liens

are resolved;" and "[a]ccess to privileged or confidential attorney-client materials."  ECF No. [35] at 4.   After weeks of exchanging proposed drafts, Plaintiff unilaterally prepared and signed a general release of claims that contained a provision for indemnification relating to medical liens and a confidentiality clause (the "General Release").  *See* ECF No. [35] at 6; ECF No. [35-3].

Following her execution of this General Release, Plaintiff filed the Motion in which she asks the Court (1) to enforce the terms of the Settlement Agreement and compel Walmart to deliver the settlement check within three days of the Court's Order and (2) to sanction Walmart "for the current post-judgment interest amount for its undue and prejudicial delay in producing the settlement check, in addition to attorney's fees for the time spent reviewing, revising and researching issues relating to the release, and for the time required to prepare and argue the instant motion at hearing."  *See* ECF No. [35] at 7.   In its Response, Walmart does not dispute that the Parties settled the case and does not take issue with Plaintiff's recitation of the email that memorialized the Settlement Agreement.  *See* ECF No. [38] at 1 ("Although the parties reached a settlement on May 16, 2025, Plaintiff's refusal to cooperate on a mutually agreeable release has prevented the parties from consummating a final settlement agreement.").   Instead, Walmart disagrees with Plaintiff's recitation of the events that followed the settlement and blames Plaintiff for the Parties' failure to agree on the language within the release.  *See generally* ECF No. [38]. In large part, Plaintiff's Reply focuses on — what she describes as — correcting the factual record regarding the Parties' post-settlement communications.  *See* generally ECF No. [38].  The Motion is now ripe for review.

## II.   LEGAL STANDARDS

District courts have the "inherent power to summarily enforce settlement agreements entered into by parties . . . ."  *Ford v. Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1121

(11th Cir. 1991) (quoting *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 36 (5th Cir. 1967)).[1]  "Indeed, the power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, and the exercise of that power is entrusted to the court's sound discretion." *South Beach Suncare, Inc. v. Sea & Ski Corp.*, No. 98-CV-1114, 1999 WL 350458, at *6 (S.D. Fla. May 17, 1999) (citations omitted).  In both federal and state courts, settlements are highly favored and will be enforced whenever possible.  *See, e.g.*, *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) ("We favor and encourage settlements in order to conserve judicial resources."); *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2003) ("Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so." (citation omitted)).

In the Eleventh Circuit, federal courts rely "on state law principles in determining whether to enforce a settlement agreement." *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1253 (11th Cir. 1999).  Under Florida law, "[a] party seeking judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party[.]" *Carroll v. Carroll*, 532 So. 2d 1109, 1109 (Fla. 4th DCA 1988) (quoting *Nehleber v. Anzalone*, 345 So.2d 822 (Fla. 4th DCA 1977)), *rev. den.*, 542 So. 2d 1332 (Fla. 1989).  That is, the moving party must establish a meeting of the minds or mutual or reciprocal assent to a certain and definite proposition.  *See Goff v. Indian Lake Estates, Inc.*, 178 So. 2d 910, 912 (Fla. 2d DCA 1965) ("Without a meeting of the minds of

---

[1] In *Bonner v. City of Prichard, Alabama*, the Eleventh Circuit stated: "We hold that the decisions of the United States Court of Appeals for the Fifth Circuit . . . , as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." 661 F. 2d 1206, 1207 (11th Cir. 1981).

the parties on an essential element there can be no enforceable contract." (footnote call number omitted)).

While uncertainty as to nonessential or small items will not preclude a finding of an enforceable settlement, the agreement must be sufficiently specific and mutually agreeable as to every essential element. *See Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp.*, 302 So. 2d 404 (Fla. 1974) ("Even though all the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them."). And, although the execution of a settlement agreement is not a condition precedent to a settlement agreement, incomplete agreements will not establish a sufficient meeting of the minds to create an enforceable settlement agreement. *See Boyko v. Ilardi*, 613 So. 2d 103, 104 (Fla. 3d DCA 1996) ("[T]he execution of the settlement documents was not a condition precedent to the settlement agreement, but rather a mere procedural formality which both parties to the settlement agreement were obliged to perform."); *Williams v. Ingram*, 605 So. 2d 890, 893 (Fla. 1st DCA 1992) ("Preliminary negotiations or tentative and incomplete agreements will not establish a sufficient meeting of the minds to create an enforceable settlement agreement." (citation omitted)). Thus, the party moving to enforce a settlement must make a showing that there was a meeting of the minds that competent substantial evidence supports. *See Don L. Tullis and Assoc., Inc. v. Benge*, 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985).

Importantly, when enforcing a settlement, "courts may not modify or rewrite settlement agreements reached by the parties." *Early v. Carnival Corp.*, No. 12-CV-020478, 2013 WL 462580, at *2 (S.D. Fla. Feb. 7, 2013) (citing *Wilson v. Pacific Gulf Marine, Inc.,* No. 07–CV-60879, ECF No. 289, slip op. at 3 (S.D. Fla. Mar. 6, 2009)). Indeed, in doing so, "a court must mirror the agreement and may not include any term or condition not included in the agreement."

*Sullivan v. Nassau Cnty.*, No. 22-CV-267-MMH-PDB, 2024 WL 1464374, at *4 (M.D. Fla. Feb. 27, 2024), *R&R adopted sub nom. Sullivan v. Leeper*, No. 22-CV-267-MMH-PDB, 2024 WL 1327421 (M.D. Fla. Mar. 28, 2024) (citing *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002)).

## III.   DISCUSSION

At issue here is whether the Court can enforce the Settlement Agreement and order Walmart to deliver the settlement check to Plaintiff and whether it should enter sanctions against Walmart for its failure to do so.  Starting with the enforceability of the settlement, the Court notes that an email exchange between parties can constitute a settlement agreement provided the offeree accepted each and every term proposed by the offeror.  *See Bermudez v. AFR Env't Corp.*, No. 16-CV-61363, 2017 WL 11220350, at *5 (S.D. Fla. Apr. 13, 2017), *R&R adopted*, No. 16-CV-61363, 2017 WL 11220351 (S.D. Fla. June 22, 2017) (citing *Bruton v. Carnival Corp.*, No. 11-CV-21697, 2012 WL 1627729, at *2 (S.D. Fla. May 2, 2012)); *Giovo v. McDonald*, 791 So. 2d 38, 40 (Fla. 2d DCA 2001).  Here, there is no dispute among the Parties that they settled Plaintiff's claims against Walmart, and the Court need not guess the terms of that agreement because Walmart memorialized it via email.  Looking at the Settlement Agreement, the Parties agreed to the following: (1) Walmart would pay Plaintiff an agreed-upon sum; (2) Plaintiff would sign a release of any claims against Walmart, which would also include indemnification language and a confidentiality clause; and (3) Plaintiff would provide Walmart with information about her Medicare/Medicaid status and would advise if any medical liens exist.  *See* ECF No. [35] at 3.

Where the disagreement lies relates to terms Walmart seeks to include in the written release that were not part of the Settlement Agreement.  Plaintiff points out that the draft release language contains numerous conditions to which Plaintiff objects and to which she did not agree.

Importantly, when enforcing a settlement, "a court must mirror the agreement and may not include any term or condition not included in the agreement." *Sullivan*, 2024 WL 1464374, at *4 (citations omitted). Rather than address whether the contested conditions were part of the Settlement Agreement, in its Response, Walmart only addressed its efforts "to meet and confer on the language of the release" with Plaintiff. *See generally* ECF No. [38]. That argument misses the point. Once the existence of a settlement has been established, the Court must look at the agreed-upon terms when deciding matters of enforcement, and here, Walmart has not shown that any of the additional terms to which Plaintiff objects were part of their agreement. If Walmart wanted to bargain for additional non-monetary terms, it was incumbent on Walmart to propose those terms to Plaintiff during the negotiations so that Plaintiff could accept or reject them, but it cannot add non-monetary terms after the Parties agreed to a settlement. *See Bruton*, 2012 WL 1627729, at *2–3 (enforcing settlement agreement without a Medicare set-aside account when the parties had agreed to execute a general release with "Medicare provisions" but failed to specify the provisions or mention a Medicare set-aside account and there was no indication the parties had discussed that issue during negotiations or conditioned settlement on such a requirement).

Here, Plaintiff has complied with all conditions of the Settlement Agreement. She has executed a General Release that memorializes the sum of money that Walmart will pay to settle her claims, that releases Walmart from liability for such claims, and that contains an indemnification clause and a confidentiality clause. *See* ECF No. [35-3]. Further, Plaintiff provided Walmart with the necessary information about liens and her Medicare eligibility during discovery, *see* ECF No. [39-2], and again following the Parties' settlement, *see* ECF No. [38] at 2 ("This first proposed release was sent on the same day *Plaintiff confirmed she was [] Medicare eligible*.") (emphasis added). Thus, Plaintiff has done everything required of her as part of the

CASE NO. 25-CV-20228-BLOOM/Elfenbein

Settlement Agreement. All that remains is for Walmart to perform its part of the bargain, that is, to deliver the settlement check to Plaintiff, which it has failed to do. *See Bruton*, 2012 WL 1627729, at *3 ("Accordingly, we find that Plaintiff executed a general release with appropriate and reasonable 'Medicare provisions' and thereby complied with the terms of the Agreement. Defendant, having failed to make payment to Plaintiff as required by the Agreement, is in breach of the Agreement."). Because Walmart is in breach of the Settlement Agreement, the Court concludes that the Settlement Agreement should be enforced and Walmart should be ordered to tender the settlement check to Plaintiff.

Regarding the matter of sanctions, however, the Court concludes that Plaintiff has failed to demonstrate why she is entitled to an award of attorney's fees. First, the Settlement Agreement does not contain a prevailing party attorney's fees provision, meaning if a party seeks to enforce the settlement agreement and prevails, it is entitled to attorney's fees. As the Court explained above, it cannot enforce terms of a settlement to which the Parties did not agree. Second, Plaintiff made this request in passing, and in doing so, she failed to cite to a single authority (statute, rule, or otherwise) that would allow the Court to enter sanctions against Walmart under these circumstances. A movant "forfeits an issue when [she] raises it in a perfunctory manner without supporting arguments and authority." *Harner v. Comm'r of Soc. Sec.*, 38 F.4th 892, 899 (11th Cir. 2022) (quotation marks and citation omitted); *see also Singh v. United States Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.") (citation omitted); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) (same). "It is not the job of the court to search through the record and make arguments for the parties." *Broughton v. Crews*, No. 15-CV-22925, 2016

8

WL 4628051 (S.D. Fla. Jan. 28, 2016), *R&R adopted*, No. 15-CV-22925, 2016 WL 4625616 (S.D. Fla. Sept. 6, 2016); *see also, Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him."). Accordingly, Plaintiff's request for sanctions in the form of attorney's fees should be denied.

## IV.  CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that Plaintiff Brenda Smith's Expedited Motion to Enforce Settlement Agreement with Defendant Walmart Stores, East and for Sanctions, **ECF No. [35]**, be **GRANTED in part and DENIED in part**. Specifically, Plaintiff's request that the Settlement Agreement be enforced and that Walmart be ordered to deliver the settlement check within three days of the Court's Order should be **GRANTED**. However, Plaintiff's request for sanctions should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

CASE NO. 25-CV-20228-BLOOM/Elfenbein

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on December 5, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record